IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JAMES A. SIGMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CV-591 |
| | ) | (PHILLIPS/GUYTON) |
| APPALACHIAN COAL PROPERTIES, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the undersigned on a discovery dispute, pursuant to paragraph 4(i) of the Scheduling Order [Doc. 18].

The Court conducted a telephone conference with the parties on August 28, 2008. Attorney Martin Bailey represented the plaintiff. Attorney Lynn Stidham represented the defendant. This is a declaratory judgment case. The defendant says that it contracted with the plaintiff to broker, on a commission basis, the sale of certain assets owned by the plaintiff. The defendant says that it presented the plaintiff with a ready, willing, and able buyer, but that the plaintiff, for no valid reason, refused to proceed with the sale. The defendant asserts that, under Tennessee law, it should be paid the commission it would have received if the plaintiff had followed through with the sale. The plaintiff, however, alleges that he never entered into the alleged commission contract with the defendant, and therefore, he owes nothing.

The issue at hand involves interrogatories and requests for production of documents sent by defendant to the plaintiff. In those discovery requests, which the Court has reviewed, the defendant seeks detailed information about the finances and assets of nine business entities (which evidently

are owned, operated or in part controlled by the plaintiff) covering a period of approximately eight years. The plaintiff says that the requests are overbroad and irrelevant, since the requests bear no relation to any claim or allegation in the pleadings. The defendant, however, says that it has a theory that maybe the plaintiff "pulled the plug" on the deal, because due diligence by the buyer would have revealed that the plaintiff made misrepresentations to the buyer about the assets which were the subject of the purported sale.

A party to a civil action "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . ." Fed. R. Civ. P. 26(b)(1). In its counterclaim, the defendant makes no claim of fraud or misrepresentation against the plaintiff. Instead, it appears to the Court that the defendant is relying on pure conjecture that maybe the plaintiff did not proceed with the sale because the plaintiff had lied to the prospective buyer about the assets involved.

The defendant points the Court to page 2 of Attorney Stidham's August 22, 2008, letter to Attorney Bailey, saying that the letter supports defendant's position. The letter, however, only states: "If Mr. Sigmon's real reason for backing out of the deal was because he actually made misrepresentations to [the buyer]. . . then we have a right to discover such information."

Fraud and misrepresentation are serious allegations. Such claims, in certain circumstances, carry a higher burden of proof on the party making the claim. <u>Elchlepp v. Hatfield</u>, No. E2007-01154-COA-R3-CV, 2008 Tenn. App. LEXIS 437, at *9 (Tenn. Ct. App. July 30, 2008) ("The clear and convincing standard of proof is appropriate to those cases where a party seeks the reform or rescission of a written instrument due to fraudulent inducement. But in all other cases involving claims of fraud, the standard of proof is preponderance of evidence."). Fraud also must be plead with specificity. Fed. R. Civ. P. 9(b) (In alleging fraud or mistake, a party must state with

2

particularity the circumstances constituting fraud or mistake).

In the present case, the defendant has served broad discovery requests about financial matters which are not relevant to any claim or allegation in the pleadings. The defendant attempts to justify this fishing expedition with the argument that some kind of misrepresentation by the plaintiff may be uncovered. The Court finds that the defendant's position is not well-taken, and that the plaintiff need make no further response to the discovery requests in question.

If the defendant takes exception to this finding, the defendant has leave to file a Motion To Compel.

IT IS SO ORDERED.

                              ENTER:

                              _____s/ H. Bruce Guyton_____
                              United States Magistrate Judge