IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JAMES A. SIGMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CV-591 |
| | ) | (PHILLIPS/GUYTON) |
| APPALACHIAN COAL PROPERTIES, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Order [Doc. 54] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of the defendant's Motion to Modify Record on Appeal [Doc. 51] and Motion to Approve Statement of Proceeding.[1] [Doc. 52] The defendant seeks leave of the Court to include in the record on appeal various documents in relation to a telephone conference conducted by the undersigned pursuant to the three step process governing the resolution of discovery disputes set forth in the Scheduling Order [Doc. 18 at ¶4(i)] in this matter.

Before discussing the merits of the motion, the Court sets forth a short summary of the relevant procedural history. On December 30, 2005, the plaintiff initiated the instant action seeking a declaratory judgment as to a dispute over an Agency Agreement between the plaintiff and defendant. [Doc. 1] On February 21, 2006, the defendant filed its Answer and also asserted a

---

[1]As these motions do not qualify as "pretrial matter[s] pending before the court," the Court shall proceed via Report and Recommendation rather than by Memorandum Opinion. 28 U.S.C. § 636(b)(1).

counterclaim seeking damages for the plaintiff's breach of the Agreement. [Doc. 4] The case was set for trial and a discovery schedule was established. [Doc. 18]

On August 28, 2008, the Court conducted a telephone conference regarding a discovery dispute pursuant to the three step process governing the resolution of discovery disputes set forth in the Scheduling Order [Doc. 18 at ¶4(i)] in this matter. Prior to the telephone conference, the defendant submitted to chambers various documents relevant to the discovery dispute, including the discovery requests at issue in the dispute. [Doc. 51-2] On September 4, 2008, the Court entered an Order resolving the discovery dispute. [Doc. 47] In that Order, the Court described the dispute as follows:

> The issue at hand involves interrogatories and requests for production of documents sent by defendant to the plaintiff. In those discovery requests, which the Court has reviewed, the defendant seeks detailed information about the finances and assets of nine business entities (which evidently are owned, operated or in part controlled by the plaintiff) covering a period of approximately eight years. The plaintiff says that the requests are overbroad and irrelevant, since the requests bear no relation to any claim or allegation in the pleadings. The defendant, however, says that it has a theory that maybe the plaintiff "pulled the plug" on the deal, because due diligence by the buyer would have revealed that the plaintiff made misrepresentations to the buyer about the assets which were the subject of the purported sale.

[Doc. 47] The Court went on to hold that:

> the defendant has served broad discovery requests about financial matters which are not relevant to any claim or allegation in the pleadings. The defendant attempts to justify this fishing expedition with the argument that some kind of misrepresentation by the plaintiff may be uncovered. The Court finds that the defendant's position is not well-taken, and that the plaintiff need make no further response to the discovery requests in question.

[Id.] The Order further stated that "[i]f the defendant takes exception to this finding, the defendant

has leave to file a Motion To Compel." [Id.]

On September 15, 2008, the District Court ruled on the plaintiff's motion for summary judgment, finding for the plaintiff, dismissing the defendant's counterclaims, and closing the case. [Doc. 48] In its Memorandum Opinion, the District Court found that the defendant had not met its burden in showing that further discovery was needed prior to the resolution of the plaintiff's motion for summary judgment. Specifically, the District Court held that:

> Rule 56(f) presupposes that affidavits filed by the non-moving party should include a description of the information needed and an affirmative demonstration of how the requested discovery will permit the non-moving party to refute the grounds alleged for summary judgment. See Abercrombie & Fitch Stores, Inc. v. American Eagle Outfitters, Inc., 280 F.3d 619, 627 (6th Cir. 2002). A party cannot avoid summary judgment on the basis of nebulous assertions. See Gordon v. Barnes Pumps, Inc., 999 F.2d 133, 138 (6th Cir. 1993). Because Appalachian has not shown that further discovery would aid the court in resolving the pending motion for summary judgment, the court finds that the motion is ripe for decision.

[Doc. 48] The instant motions followed.

The defendant seeks to supplement the record on appeal pursuant to Rule 10(e) of the Federal Rules of Appellate Procedure. The Rule provides, in pertinent part, that "if any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record confirmed accordingly." Fed. R. App. P. 10(e)(1). In interpreting that Rule, the Sixth Circuit Court of Appeals has held that:

> Under Federal Rules of Appellate Procedure ("Fed. R. App. P.") 10(a), the record on appeal consists of "the original papers and exhibits filed in the district court, the transcript of the proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the district court." In general, the appellate court should have before it the records and facts considered by the district court. S & E Shipping Corp. v. Chesapeake & Ohio Ry. Co., 678 F.2d 636, 641 (6th Cir. 1982). See, e.g., In re Capital Cities/ABC, Inc., 913 F.2d

> 89, 96 (3d Cir. 1990) ("we do not take testimony, hear evidence or determine disputed facts in the first instance. Instead, we rely upon a record developed in those fora that do take evidence and find facts.") (quoting Sewak v. INS, 900 F.2d 667, 673 (3d Cir. 1990)).
>
> The district court has only a narrow band of discretion to change or modify the record on appeal. Fed. R. App. P. 10(e) allows modification of the record in only two instances; namely, when the parties dispute whether the record actually discloses what occurred in the district court and when a material matter is omitted by error or accident. See also Jones v. Jackson Nat'l Life Ins. Co., 819 F. Supp. 1385, 1386 (W.D. Mich. 1993); Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1165 (3d Cir. 1986), cert. denied, 481 U.S. 1070 (1987) and USA Petroleum Co. v. Atlantic Richfield Co., 13 F.3d 1276, 1279 (9th Cir. 1994) (stating that summary judgment record cannot be supplemented on appeal). This court has not allowed the rule to be used to add new evidence that substantially alters the record after a notice of appeal has been filed but has permitted only enough modification to ensure the accuracy of the record. S & E Shipping, 678 F.2d at 641. This court reviews only the materials and facts considered by the trial court in reaching its decision, and the "only proper function of a court of appeals is to review the decision below on the basis of the record that was before the district court." Jones, 819 F. Supp. 1385, 1387 (quoting Fassett, 807 F.2d 1150, 1165). See, e.g., Kirshner v. Uniden Corp., 842 F.2d 1074, 1077 (9th Cir. 1988) (refusing to supplement the record with papers not filed with the district court or admitted into evidence); John Hancock Mutual Life Ins. Co. v. Weisman, 27 F.3d 500, 506 (10th Cir. 1994) (denying motion to supplement the record with documents not before the district court) and Castner v. Colorado Springs Cablevision, 979 F.2d 1417, 1423 (10th Cir. 1992) (same).

Canaday v. Kelley, No. 93-1860, 1994 U.S. App. LEXIS 29186, at *35-38 (6th Cir. Oct. 14, 1994).

In the instant case, the plaintiff seeks to modify the record to include documentation submitted to the undersigned prior to the telephone conference, a summary of the telephone conference with the undersigned, and a complete copy of certain deposition transcripts. As noted above, the Court entered its Order as to the discovery dispute on September 4, 2008, denying the requested discovery but giving the defendant leave to file a motion to compel. [Doc. 47] The

4

defendant had ten days from the entry of that Order to appeal the undersigned's decision to the District Court. Fed. R. Civ. P. 72(a). In determining when an action must be taken, intermediate weekends and legal holidays are excluded for periods less than eleven days. Fed. R. Civ. P. 6(a)(2). Thus, the defendant's ten day period for filing his motion to compel/appeal of the undersigned's ruling extended through September 18, 2008. The District Court entered its ruling on September 15, 2008, thus the defendant's time had not run prior to the entry of the Order dismissing this case.

In light of that timing, and in light of the defendant's statement that it was in a process of filing a motion to compel, the Court finds that, in the interest of justice, and in order to ensure that a complete record is available to the Court of Appeals, the defendant should be allowed to supplement the record in this case as to the issues addressed during the August 28, 2008, telephone conference. Accordingly, the Court respectfully **RECOMMENDS** that the defendant's motion [Doc. 51] be **GRANTED in part**, to the extent that the defendant be allowed to submit on appeal the documents submitted to chambers for review and a statement of proceedings as to the telephone conference. The Court further **RECOMMENDS** The motion [Doc. 52] be **DENIED in part**, to the extent that the defendant seeks to include deposition transcripts which were not at issue during the telephone conference. Defendant had ample opportunity to make such a filing prior to the District Court's ruling on the plaintiff's motion for summary judgment, and the Court finds no basis for allowing such a filing after the fact.

Similarly, because a transcript is not available for the August 28, 2008, telephone conference, the Court **RECOMMENDS** that the defendant's motion to approve statement of proceedings [Doc. 52] be **GRANTED**, to the extent that the defendant should be allowed to file a statement of proceedings as to the August 28, 2008, telephone conference. The Court further **RECOMMENDS**

5

that the parties be required to meet and confer as to the contents of such a statement, and allowed to file either an agreed statement of proceedings or, in the absence of agreement, for the plaintiff to file objections to the contents of the defendant's proposed statement, including the plaintiff's own proposed statement.

In summary, it is hereby **RECOMMENDED**[2] that the defendant's motion to modify record on appeal [Doc. 51] be **GRANTED in part** and **DENIED in part**, and that the defendant's motion to approve statement of proceeding [Doc. 52] be **GRANTED**, subject to objections by the plaintiff as to the content of the statement.

Respectfully submitted,

　　　s/ H. Bruce Guyton　　　
United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).